636 A.2d 649

**BRITAMCO UNDERWRITERS, INC., Appellant,**

v.

**Charles WEINER and Marie Weiner Individually
and t/a Eagle Bar and Clyde Davis.**

Superior Court of Pennsylvania.

Argued Nov. 18, 1993.

Filed Jan. 24, 1994.

R. Bruce Morrison, Philadelphia, for appellant.

Richard M. Bockol, for Weiner, appellees.

G. Lawrence DeMarco, Philadelphia, for Davis, appellee.

Before CIRILLO, FORD ELLIOTT and BROSKY, JJ.

CIRILLO, Judge:

This is an appeal from an order entered in the Court of Common Pleas of Philadelphia County denying appellant Britamco Underwriters, Inc.'s (Britamco) petition for reconsideration of order denying Britamco's motion for summary judgment. We affirm.

Clyde Davis (Davis) filed suit against the owners of Eagle Bar alleging that Charles Weiner, a co-owner of Eagle Bar, and Wilbur Tucker, an employee of Eagle Bar, struck Davis in the neck. Davis's complaint asserted alternative theories of liability sounding in assault and battery, intentional, reckless and/or negligent infliction of emotional distress, and claims of negligence, generally.

Eagle Bar sought coverage for Davis's claims under its general liability policy with Britamco. Thereafter, Britamco filed a declaratory judgment action seeking a declaration that it had no duty to defend or indemnify Eagle Bar in connection with Davis's claim. After Davis and Eagle Bar filed their answers, Britamco filed a motion for summary judgment. The Honorable William J. Manfredi denied Britamco's motion for

summary judgment. Britamco's petition for reconsideration was filed and denied. This court granted Britamco's petition for review. *See* Pa.R.A.P. 1311; 42 Pa.C.S.A. § 702(b). Britamco presents two issues for our review:

(1) Whether the trial court erred in denying Britamco's motion for summary judgment holding that the underlying claims constitute an occurrence under the insurance policy?

(2) Whether the trial court erred in denying Britamco's motion for summary judgment holding that the underlying claims were not excluded by the assault and battery endorsement to the insurance policy?

 When we review the grant or denial of a motion for summary judgment made under Pa.R.C.P. 1035, our scope of review is well settled: summary judgment is properly granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b).[1] Summary judgment may be granted only where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co., Inc.*, 522 Pa. 367, 369, 562 A.2d 279, 280 (1989). The moving party has the burden of proving that there is no genuine issue of material fact. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979). The record and any inferences therefrom must be viewed in the light most favorable to the non-moving party, and any doubt must be resolved against the moving party. *Davis v. Pennzoil*, 438 Pa. 194, 264 A.2d 597 (1970). The trial court will be overturned on the entry or denial of summary judgment only if there has been an error of law or a clear abuse of discretion. *Hetrick v. Apollo Gas Co.*, 415 Pa.Super. 189, 608 A.2d 1074 (1992).

First, Britamco contends that because Davis's complaint does not allege an "occurrence" as defined by the insurance

1. Rule 1035(a) provides:
 After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings and any depositions, answers to interrogatories, admissions on file and support affidavits.
 Pa.R.C.P. 1035(a), 42 Pa.C.S.

policy, it has no duty to defend its insured Eagle Bar. We disagree.

The duty to defend is a distinct obligation, separate and apart from the insurer's duty to provide coverage. *Erie Ins. Exchange v. Transamerica Ins. Co.*, 516 Pa. 574, 582–83, 533 A.2d 1363, 1368 (1987). Moreover, the insurer agrees to defend the insured against any suits arising under the policy "even if such suit is groundless, false, or fraudulent." *Gedeon v. State Farm Mutual Automobile Ins. Co.*, 410 Pa. 55, 58, 188 A.2d 320, 321 (1963). Since the insurer agrees to relieve the insured of the burden of defending even those suits which have no basis in fact, the obligation to defend arises whenever the complaint filed by the injured party may potentially come within the coverage of the policy. *Id.; see also Biborosch v. Transamerica Ins. Co.*, 412 Pa.Super. 505, 603 A.2d 1050 (1992); *Youngman v. CNA Ins. Co.*, 401 Pa.Super. 381, 585 A.2d 511 (1991). In order to determine whether a claim may potentially come within the coverage of the policy, we must first ascertain the scope of the insurance coverage and then analyze the allegations in the complaint. *Biborosch*, 412 Pa.Super. at 509–10, 603 A.2d at 1052 (citing *Cadwallader v. New Amsterdam Casualty Co.*, 396 Pa. 582, 152 A.2d 484 (1959)).

The standards to be applied in reviewing insurance contracts are well settled. The proper focus regarding issues of coverage under insurance contracts is the reasonable expectation of the insured. *Dibble v. Security of America Life Ins. Co.*, 404 Pa.Super. 205, 210, 590 A.2d 352, 354 (1991). In determining the reasonable expectations of the insured, courts must examine the totality of the insurance transaction involved. *Id.* However, while reasonable expectations of the insured are the focal points in interpreting the contract language of insurance policies, *see Collister v. Nationwide Life Insurance Co.*, 479 Pa. 579, 388 A.2d 1346 (1978) and *Winters v. Erie Insurance Group*, 367 Pa.Super. 253, 532 A.2d 885 (1987), an insured may not complain that his or her reasonable expectations were frustrated by policy limitations which are

clear and unambiguous. *Bateman v. Motorists Mut. Ins. Co.,* 527 Pa. 241, 245–46, 590 A.2d 281, 283 (1991); *see also Neil v. Allstate Insurance Co.,* 379 Pa. 299, 549 A.2d 1304 (1988); *St. Paul Mercury Ins. Co. v. Corbett,* 428 Pa.Super. 54, 630 A.2d 28 (1993) (en banc). However, where a provision of an insurance policy is ambiguous, the provision is construed in favor of the insured and against the insurer. *Bateman,* 527 Pa. at 245–46, 590 A.2d at 283.

Here, the Britamco insurance policy contains the following provisions:

## I. COVERAGE A—BODILY INJURY LIABILITY COVERAGE B—PROPERTY DAMAGE LIABILITY

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

A. bodily injury or

B. property damage

to which this insurance applies, caused by an *occurrence....*

\* \* \* \* \* \*

*"occurrence"* means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured.

\* \* \* \* \* \*

## ASSAULT & BATTERY/NEGLIGENT HIRING EXCLUSION

Notwithstanding anything contained herein to the contrary, it is understood and agreed that this policy excludes claims arising out of:

(1) Assault & Battery, whether caused by or at the instructions of, or at the direction of, the insured, his employees, patrons or any causes whatsoever and

(2) Allegations of negligent hiring, supervision, retention or control of employees by or on behalf of the insured.

As provided above, the policy defines "occurrence" as "an *accident* ... which results in bodily injury or property damage...." (emphasis added). Britamco argues that Davis's injuries were not sustained as a result of an accident. It bases this argument on the fact that count one of the complaint entitled "Assault and Battery" describes the acts in question as "intentional," "willful," and "malicious." However, paragraph 13 of Davis's complaint refers to the incident in question as an "accident." In addition, counts two and three of Davis's complaint assert alternative theories of recovery sounding in negligence—e.g., negligent infliction of emotional distress, failing to provide adequate protection for business invitees, hiring or otherwise employing an individual with propensities for doing violence and/or inflicting mental distress on invitees, etc.

In support of its position, Britamco relies on *Gene's Restaurant, Inc. v. Nationwide Ins. Co.*, 519 Pa. 306, 548 A.2d 246 (1988). There, Nationwide issued Gene's Restaurant a comprehensive general liability insurance policy which defined "occurrence" in the same manner as does the policy in this case. After reviewing the policy language and complaint, the Pennsylvania Supreme Court held that Nationwide had no duty to defend its insured because the willful and malicious assault alleged in the complaint amounted to an intentional tort excluded by the policy. *Id.* at 309–10, 548 A.2d at 247.

Britamco's reliance on *Gene's Restaurant, Inc.* is misplaced in that the case at bar is clearly distinguishable. In *Gene's Restaurant, Inc.*, the complaint alleged *only* the willful and malicious assault and beating of one of its patrons (plaintiff). *Id.* In contrast, and as articulated above, Davis's complaint alleges alternative theories of recovery. Davis alleges that his injuries were either the result of an "accident," or intentional or negligent acts of the insured Eagle Bar and/or its employees.

We find that because Davis's claims may potentially come within the coverage of the Britamco policy, Britamco owed its insured a duty to defend. *Gedeon, supra; Biborosch, supra.*

■ In the alternative, Britamco contends that Davis's claims against Eagle Bar are excluded from coverage under the above-quoted assault and battery endorsement. We disagree. As discussed in the context of the first issue, Davis's injuries may have been caused by the negligent acts of Eagle Bar and its employees and not necessarily by the intentional acts of any individual. Negligence of this type is not excluded by Britamco's policy. Under Pennsylvania law, if the complaint filed against the insured avers facts which would support a recovery that is covered by the policy, it is the duty of the insurer to defend until such time as the claim is confined to a recovery that the policy does not cover. *Erie Ins. Exchange,* 516 Pa. at 583, 533 A.2d at 1368. We find that the trial court did not abuse its discretion in denying Britamco's motion for summary judgment, *Hetrick, supra,* and, therefore, affirm the trial court's order denying Britamco's motion for summary judgment.

Order affirmed.