## CERTAIN UNDERWRITERS AT LLOYD'S

v.

## Yung Kuk CHO, Won Cho, Dennis F. Strickland and Erie Steak and Beer, Inc.

### Civil Action No. 95–2466.

United States District Court, E.D. Pennsylvania.

Feb. 26, 1996.

Michael J. Cawley, Margolis Edelstein & Scherlis, Philadelphia, PA, for Plaintiff.

Kevin R. McNulty, German, Gallagher & Murtagh, Philadelphia, PA, for Defendants Cho, Cho and Erie Steak & Beer, Inc.

Barbara E. Sarkin, Philadelphia, PA, for Defendant Strickland.

### MEMORANDUM

JOYNER, District Judge.

Plaintiff, Certain Underwriters at Lloyd's, moves this Court for a summary judgment on its declaratory judgment action against the parties involved in an underlying litigation. The plaintiff in the underlying litigation is Dennis Strickland and the defendants are Erie Steak and Beer, Inc. and its owners Yung Kuk Cho and Won Cho (jointly, Erie). The underlying complaint alleges that Strickland visited Erie and placed a food order with an Erie employee. The employee then viciously attacked Strickland, causing him severe injuries. According to the underlying complaint, Erie was aware of its employee's vicious tendencies and drug use. The complaint brings a claim of negligence against Erie for (1) failure to supervise employees, (2) negligent hiring, (3) negligent supervision, (4) failure to monitor drug use, (5) failure to control employee actions, (6) failure to warn the public, (7) failure to protect the public, (8) failure to exercise due care under the circumstances and (9) being otherwise negligent.

Lloyd's seeks a declaratory judgment that it has no duty to defend or indemnify Erie in the underlying action due to the terms of the insurance contract. Because this is a motion for summary judgment, we must consider whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue of material fact, and whether Lloyd's is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We must deter-

mine whether the evidence is such that a reasonable jury could return a verdict for Defendants. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Here, there is no dispute over the underlying facts.[1]

Lloyd's argument in favor of summary judgment is based on the following insurance contract language:

> **Coverage A—Bodily Property Liability**
>
> **Coverage B—Property Damage Liability**
>
> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
>
> A. bodily injury
> B. property damage
>
> to which this insurance applies ...
>
> \* \* \* \* \* \*
>
> *Assault and Battery Exclusion*
>
> It is agreed that this insurance does not apply to bodily injury or property damage arising out of an assault or battery, provoked or unprovoked, committed by an Insured or by an employee or agent of the Insured(s).

■ Lloyd's argues that although the underlying complaint speaks in terms of negligence, the bodily injury for which Strickland seeks to recover was the result of an assault and battery and is therefore excluded. This position has a great deal of precedential support. For example, in *Terra Nova Ins. Co. v. Thee Kandy Store, Inc.*, 679 F.Supp. 476, 478 (E.D.Pa.1988), our Court held in a very similar fact setting that "[r]egardless of the language of the allegations, the original cause of the harm arose from an alleged assault and battery." Based on that, it held that the claims of negligence were excluded by the assault and battery clause. *See also Britamco Underwriters, Inc. v. Stokes*, 881 F.Supp. 196, 200 (E.D.Pa.1995); *North Carolina Ted,*

715 F.Supp. at 691; *St. Paul Surplus Lines Ins. Co. v. 1401 Dixon's, Inc.*, 582 F.Supp. 865, 868 (E.D.Pa.1984); *Britamco Underwriters, Inc. v. Grzeskiewicz*, 433 Pa.Super. 55, 61, 639 A.2d 1208, 1211 (1994).

In rebuttal,[2] Erie argues first that its claims are for negligence, not for assault and battery and therefore the exclusion does not apply. It cites no cases in support of this argument and as the caselaw cited above demonstrates, this identical argument has been raised and rejected many times before.

■ Second, Erie argues that more recent courts have demanded a specific negligent hiring exclusion before they will deny coverage for these types of claims. The only Pennsylvania case it cites to in support is *Britamco Underwriters, Inc. v. Weiner*, 431 Pa.Super. 276, 636 A.2d 649; *app. denied*, 540 Pa. 575, 655 A.2d 508 (1994). There, the Superior Court was faced with facts similar to those alleged here. An important difference, however, was that the defendants were the owners of the bar where the plaintiff was injured and were also the ones who allegedly inflicted the injuries. Moreover, the complaint pleaded in the alternative that the injuries arose as the result of intentional conduct or as the result of an accident. The Court held that the plaintiff's claims of negligence were not excluded by the assault and battery exclusion because of the accident allegation. If that version of the facts prevailed, then the claims would not be barred by the assault and battery exclusion and the duty to defend therefore continued. *Id.* at 283, 636 A.2d at 652.

We find that this case is distinguishable from *Weiner*. Here, there is no allegation that the injuries inflicted on Strickland by Erie's employee were done in any manner other than intentionally. Therefore, the alleged underlying cause of the injuries was the result of an assault and battery. That Erie may have been negligent in not prevent-

---

1. Erie asks us to refrain from entering summary judgment until discovery is complete. However, it has presented no evidence or argument that additional discovery will create any questions of fact. Second, whether an insurer is under a duty to defend is a question of law, to which only the allegations in the complaint are relevant. *Terra*

*Nova Ins. Co. v. North Carolina Ted, Inc.*, 715 F.Supp. 688, 690 (E.D.Pa.1989).

2. Erie does not object to Lloyd's waiver and estoppel arguments.

ing the injuries does not take this case out of the assault and battery exclusion. The insurance contract clearly excludes bodily injury *arising out of* an assault or battery. For this reason, we do not follow *Weiner* because it is not on point.

Moreover, since *Weiner* was decided, both this and Pennsylvania's Superior Court have distinguished it on similar grounds. *See Stokes,* 881 F.Supp. at 201; *Grzeskiewicz,* 639 A.2d at 1211. For the above reasons, we find that the insurance policy at issue does not cover the claims brought in the underlying action and therefore, summary judgment on this declaratory judgment action is appropriate.

An appropriate Order follows.

## ORDER

AND NOW, this 26th day of February, 1996, upon consideration of Plaintiff's Motion for Summary Judgment and responses thereto, the Motion is hereby GRANTED. Summary Judgment is hereby entered in favor of Plaintiff and against all Defendants.