**Millers Mutual Insurance Co. v. Euler**

C.P. of Montgomery County, no. 96-12982.

*Robert Devine,* for plaintiff.
*Reginald Krasney,* for defendants Robert Euler, Linda Euler, King Transportation and Guilerma Griffith.
*Elliot Kolodny,* for defendant Amy Eick.

NICHOLAS, *J.,* August 5, 1997—Plaintiff, Millers Mutual Insurance Company, has appealed to the Superior Court of Pennsylvania from our order dated May 16, 1997 which denied its motion for summary judgment and granted defendants' motion for summary judgment, with respect to the duty to defend only.[1]

Amy Eick engaged King Transportation Service Inc. on September 9, 1995 to transport her from her home to the airport for a trip to Europe, and then from the airport to her home upon her return from her trip. King assigned employee Guillermo Griffiths to drive her to the airport. Ms. Eick arrived at the airport late and caught her flight only by delaying the flight and rushing to the departure gate. While abroad, still disgruntled, Ms. Eick contacted King and requested a different driver to pick her up from the airport. Despite this request, King assigned Mr. Griffiths for the return trip. Mr. Griffiths transported Ms. Eick from John F. Kennedy International Airport in New York to her home in Lam-

---

1. All parties' motions for summary judgment as to the issue of Millers Mutual's duty to indemnify were denied as premature.

bertville, N.J., where a dispute over the fare escalated into a scuffle to which the police responded.

On October 25, 1995, Ms. Eick filed a civil action in the Superior Court of New Jersey, Hunterdon County, Law Division, against King and Mr. Griffiths. By her complaint, Ms. Eick alleged that Mr. Griffiths assaulted her and that "[a]s a result of the negligence of the defendant, Guillermo A. Griffiths, as agent, servant and/or employee of defendant, King Limousine [and] Transportation Service Inc., [she] was caused to suffer severe and grievous personal injuries requiring extensive medical treatment." Complaint, First Count, ¶¶ 5-6. Ms. Eick also alleged that Mr. Griffiths' actions were "intentional, willful, wanton and reckless." Complaint, Second Count, ¶2.

On November 7, 1995, the Eulers, the principals of King, who had purchased insurance from Millers Mutual, contacted Millers Mutual and requested defense and indemnification pursuant to a controlling commercial lines insurance policy which named King and its employees as insureds. By this policy, Millers Mutual agreed to defend and indemnify when bodily injury was caused (1) by accident or (2) by "reasonable force to protect persons or property." Commercial General Liability Coverage Form, §§I(A)(2)(a). The Eulers believed that Millers Mutual promised to provide a defense and so did not file a responsive pleading to Ms. Eick's complaint. Eick's motion for summary judgment, ¶8. On January 12, 1996, the New Jersey trial court entered default judgment against King and Mr. Griffiths. Eick's motion for summary judgment, ¶7. A proof hearing was scheduled for November 4, 1996 in preparation for which Ms. Eick filed a trial memorandum on October 30, 1996. Eick's motion for summary judgment, ¶¶7, 10. By this memorandum, Ms. Eick characterized Mr. Grif-

fiths as intending to cause injury, if not the precise injury he caused. See trial memorandum, pp. 6-7. Ms. Eick presented some evidence at the hearing but her evidence exceeded the time allotted. Eick's motion for summary judgment, ¶11. The hearing was continued indefinitely as King had filed a motion to set aside default judgment on November 27, 1996. Eick's motion for summary judgment, ¶12; Eick's brief filed March 3, 1997, p. 12. King's motion to set aside default judgment was granted on January 10, 1997. Eick's brief filed March 3, 1997, p. 12.

Meanwhile, Millers Mutual had filed the instant action for declaratory judgment on July 17, 1996, requesting this court to declare that Millers Mutual owes no duty to defend or indemnify King, the Eulers or Mr. Griffiths. On February 4, 1997, Millers Mutual filed its motion for summary judgment arguing that it agreed to defend and indemnify only when bodily injury was caused by accident and that Ms. Eick's injuries were caused intentionally, as a matter of law.

The defendants filed answers to Millers Mutual's motion for summary judgment as well as cross-motions for summary judgment. King, the Eulers and Mr. Griffiths supported their cross-motion with a supplemental memorandum of law to which they attached the affidavit of Mr. Griffiths. By this affidavit, Mr. Griffiths gave his account of what happened after he transported Ms. Eick from the airport to her home. Mr. Griffiths asked Ms. Eick to pay her fare for the trips to and from the airport, but Ms. Eick took the position that the inconvenience of the first trip discharged her duty to pay. Affidavit, ¶¶2-3. Mr. Griffiths kept her luggage locked in the trunk to enforce his demand, which angered Ms. Eick. Affidavit, ¶2. She escalated a non-violent disagreement to a violent confrontation by "hitting [him]

in the chest with the open palm of her hand, push[ing him] and scream[ing] repeatedly that she wanted her bags." Affidavit, ¶6. She rushed to the limousine's front passenger seat to release the trunk latch but Mr. Griffiths got there first and covered the latch release with his hand and the two found themselves sprawled across the limousine's front seat. Affidavit, ¶¶7-11. Ms. Eick brought her feet up to kick Mr. Griffiths out of the limousine but he cradled her in a fetal position by positioning his chest against her feet as he grasped her shoulders. Affidavit, ¶¶13-14. Ms. Eick squirmed to escape which caused Mr. Griffiths to lose his grip on her shoulders and accidentally injure her throat. Affidavit, ¶14.

On April 23, 1997, the undersigned heard oral argument on all motions at which time all parties agreed that Mr. Griffiths' affidavit was of record. This court ruled that Millers Mutual has a duty to defend the defendants in the underlying action in New Jersey brought by Amy Eick as plaintiff by order dated May 16, 1997. Millers Mutual timely filed its notice of appeal and concise statement of matters complained of on appeal.

## DISCUSSION

Millers Mutual raises a single issue on appeal: "[w]hether the [c]ourt erred in denying plaintiff's [m]otion for [s]ummary [j]udgment." Concise statement, ¶1. This court did not err.

"The duty to defend is a distinct obligation, separate and apart from the insurer's duty to provide coverages. . . . Moreover, the insurer agrees to defend the insured against any suit arising under the policy 'even if such suit is groundless, false, or fraudulent.' . . . Since the insurer agrees to relieve the insured of the burden of defending even those suits which have no basis in fact,

the obligation to defend arises whenever the complaint filed by the injured party may *potentially* come within the coverage of the policy." *Redevelopment Authority of Cambria County v. International Insurance Co.,* 454 Pa. Super. 374, 390, 685 A.2d 581, 589 (1996). (citations omitted) (emphasis added)

Thus it follows that an insurer must defend when a plaintiff files a complaint alleging that his or her bodily injury was caused by an insured combatant's negligence. Compare *Britamco Underwriters Inc. v. Weiner,* 431 Pa. Super. 276, 282, 636 A.2d 649, 652 (1994), *allocatur denied,* 540 Pa. 575, 655 A.2d 508 (1994) (insurer had duty to defend where complaint alleged that plaintiff's injuries resulted from combatant's "intentional or negligent acts") and *Stidham v. Millvale Sportsmen's Club,* 421 Pa. Super. 548, 553, 618 A.2d 945, 948 (1992), *allocatur denied,* 536 Pa. 630, 637 A.2d 290 (1993) (insurer had duty to defend where joinder complaint alleged that plaintiff's injuries resulted from combatant's "negligent, careless, reckless, and/or willful conduct") with *Gene's Restaurant Inc. v. Nationwide Insurance Co.,* 519 Pa. 306, 308, 548 A.2d 246, 246 (1988) (insurer had no duty to defend where plaintiff alleged that her injuries resulted only from a "willful and malicious assault and beating") and *Britamco Underwriters Inc. v. Grzeskiewicz,* 433 Pa. Super. 55, 61, 639 A.2d 1208, 1211 (1994), *appeal discontinued,* 538 Pa. 639, 647 A.2d 895 (1994) (insurer had no duty to defend where plaintiff "allege[d] that he received his injuries solely as the result of the intentional acts of one or more of the defendants"). Indeed, it has been held that an insurer's duty to defend "is fixed solely by the allegations in the underlying com-

plaint." *Lebanon Coach Co. v. Carolina Casualty Insurance Co.,* 450 Pa. Super. 1, 15, 675 A.2d 279, 286 (1996), *allocatur denied,* 546 Pa. 695, 687 A.2d 378 (1997). Here, Ms. Eick alleged that her injuries resulted from Mr. Griffiths' negligence. For this reason her complaint may *potentially* come within the coverage of the policy, irrespective of her allegation that Mr. Griffiths intended to injure. Millers Mutual is bound to defend King and Mr. Griffiths.[2]

Millers Mutual disagrees, arguing that *Grzeskiewicz* holds that a complaint cannot possibly come within the coverage of a policy when it contains a separate count against the attacker. Brief filed March 24, 1997, p. 3. This argument ignores the central issue in *Grzeskiewicz* which was whether the complaint's allegation of a business host's negligence was sufficient to potentially bring the complaint within the coverage of the policy. The Superior Court held that the allegations pertaining to the defendant business host were immaterial and that *Gene's Restaurant* commands that the allegations pertaining to the defendant combatant control. The insurer in *Grzeskiewicz* had no duty to defend because the plaintiff alleged in a separate count that the defendant combatant acted intentionally, willfully and purposefully while failing to allege that "her injuries were incurred as a result of any negligence by [the defendant combatant.]" *Id.* at 61, 639 A.2d at 1210-11. The separate count in *Grzeskiewicz* limited the plaintiff to proof of intent and disallowed proof of negligence. This distinguished *Grzeskiewicz* from *Weiner* where the

---

2. We note that Ms. Eick's allegation of negligence comports with Mr. Griffiths' intent to testify at trial that he never meant to hurt Ms. Eick, that is, that his actions were purely defensive and that Ms. Eick's injuries were unavoidable.

complaint's failure to allege a separate count against the defendant combatant allowed the possibility that the complaint's general allegations of negligence pertained to the defendant combatant. The Superior Court's earlier decision in *Weiner* thus comported with *Gene's Restaurant*. While Millers Mutual's reading of *Grzeskiewicz* is reasonable, it is not the better view because it would command that an allegation of intent supersedes an allegation of negligence. This is contrary to *Weiner* which held just the opposite, that an allegation of negligence allows the possibility that bodily injury was caused by accident.

Millers Mutual argues, second, that Ms. Eick's allegation of negligence is "preposterous [and] clearly nothing more than an attempt to invoke coverage." Millers Mutual's response to Eick's motion for summary judgment, ¶17. This lacks merit as it ignores an insurer's duty to defend against a claim which is groundless, false, or fraudulent so long as the claim is potentially within the scope of coverage.

Millers Mutual argues, third, that this court is obliged to ignore Ms. Eick's allegation of negligence because Ms. Eick took an inconsistent position before the New Jersey trial court when she filed her trial memorandum. Brief filed February 11, 1997, pp. 1-2. Millers Mutual argued that Ms. Eick's description of the scuffle amounted to a "judicial admission" that Mr. Griffiths intended to injure Ms. Eick. *Id.* This argument has appeal because it has been held that the duty to defend is discharged once "the claim is confined to a recovery that the policy does not cover." *General Accident Insurance Co. of America v. Allen,* 547 Pa. 693, 706, 692 A.2d 1089, 1095 (1997). This implies that a duty to defend against an allegation of accidental injury is discharged once an injured party is precluded from recovery under the

theory of negligence. However, Ms. Eick's trial memorandum does not preclude recovery under the theory of negligence.

It is the law in New Jersey that "[t]he doctrine of judicial estoppel operates to bar a party to a legal proceeding from arguing a position inconsistent with one previously asserted." *Cummings v. Bahr,* 295 N.J. Super. 374, 385, 685 A.2d 60, 66 (App.Div. 1996). The object of the doctrine is to prevent a party from playing "fast and loose with the courts." *Id.* at 387, 685 A.2d at 67. However, the doctrine has its limits and will not be applied unless the legal position previously asserted has "helped form the basis of a judicial determination." *Id.* at 387, 685 A.2d at 67. Here, nothing suggests that Ms. Eick's trial memorandum helped form the basis of a judicial determination. The proof hearing was never concluded and damages were never awarded. Moreover, Ms. Eick's default judgment against King was set aside. All evidence before this court suggests that Ms. Eick remains free to pursue before the New Jersey trial court her theory that Mr. Griffiths injured her by accident. This court correctly considered the allegations of Ms. Eick's complaint.

There is another reason why this court did not err when it ruled that Millers Mutual has a duty to defend. Millers Mutual would have a duty to defend even if (1) Ms. Eick had failed to allege that her injuries resulted from Mr. Griffiths' negligence or (2) Ms. Eick was otherwise precluded from pursuing her theory of negligence. Millers Mutual agreed to defend and indemnify when bodily injury was caused by reasonable force to protect persons or property. Here, a trier of fact could find that Mr. Griffiths intended to injure Ms. Eick, but that he employed only reasonable force to protect himself from Ms. Eick's aggression. Millers

Mutual would have a duty to defend even if Ms. Eick had alleged that the sole cause of her injuries was Mr. Griffiths' intent to injure.

This analysis may appear to be contrary to the rule of law providing that an insurer's duty to defend "is fixed solely by the allegations in the underlying complaint." *Lebanon Coach, supra* at 15, 675 A.2d at 286. However, it is "well settled that, in interpreting a contract of insurance, Pennsylvania courts are required to give effect to clearly worded provisions manifesting the intent of the parties." *Pempkowski v. State Farm Mutual Automobile Insurance Co.,* 451 Pa. Super. 61, 65, 678 A.2d 398, 400 (1996). Here, the parties provided expressly in their contract that the insured's reason for causing intentional bodily injury is material. Resort to Mr. Griffiths' affidavit gives force to the parties' intent as it allows him to tell his side of the story which triggers the duty to defend.

For the reasons set out above, our order dated May 16, 1997 should be affirmed.