IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rasheed Nifas,                                  :
              Appellant                         :
                                                :   No. 319 C.D. 2019
              v.                                :
                                                :   Submitted: June 28, 2019
Comm., Dept. of Corr.,                          :
Sgt. Williams; CO. 1. Taylor                    :
CO. 1. Slotterback                              :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                      FILED: July 25, 2019


Rasheed Nifas (Nifas) appeals, *pro se*, from the January 16, 2019 order of the Court of Common Pleas of Schuylkill County (trial court), which *sua sponte* dismissed his complaint pursuant to Pennsylvania Rule of Civil Procedure (Civil Rule) No. 240(j)(1) and denied his petition to proceed *in forma pauperis* (IFP) as moot. We vacate and remand for further proceedings.

On November 28, 2018, Nifas filed a petition to proceed IFP and a civil action complaint against the Department of Corrections (Department) and institutional staff members at the State Correctional Institution (SCI)-Mahanoy, namely Sergeant Williams, Corrections Officer Taylor, and Corrections Officer Slotterback (collectively, Department Defendants). In his complaint, Nifas averred that he purchased—ostensibly from the commissary—a pair of Timberland boots; on October

5, 2017, the boots were placed in the intake property room and were under the care, custody, and control of the Department Defendants; and the Department Defendants lost, misplaced, destroyed, and/or stole the boots. Nifas further alleged that after his internal grievance seeking return of or compensation for the boots was denied on November 7, 2017, he requested the Department Defendants to transfer the Timberland boots to an address located outside of prison; however, the Department Defendants did not do so. According to Nifas, he was then transferred from SCI-Mahanoy to SCI-Coal Township in 2018; he asked the Department Defendants to send the boots to SCI-Coal Township along with his other personal property; and, upon his arrival at SCI-Coal Township, he confirmed that the Department Defendants never transferred the boots. Based on these contentions, Nifas averred that the Department Defendants lost, misplaced, destroyed, and/or stole the boots on or before November 7, 2017. For relief, Nifas sought a writ of mandamus and compensatory damages for non-economic harm in the amount of $25,000.00, and special damages in the amount of $92.50 for the cost and/or fair market value of the Timberland boots.

The trial court pre-screened the complaint and, acting under the authority of Civil Rule No. 240(j)(1),[1] dismissed it as frivolous in an order dated January 16, 2019. In doing so, the trial court referenced *O'Toole v. Pennsylvania Department of*

---

[1] In relevant part, Civil Rule No. 240(j)(1) states:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis,* the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa. R.C.P. No. 240(j)(1).

2

*Corrections*, 196 A.3d 260 (Pa. Cmwlth. 2018), and determined that Nifas' cause of action "appears to be complaints about missing personal property, and as such invoke[s] matters solely within the jurisdiction of the prison authorities." (Trial court order, at 1 n.1.) In the same order, the trial court denied Nifas' petition to proceed IFP as moot.

On appeal to this Court,[2] Nifas argues that the trial court erred in utilizing Civil Rule No. 240(j)(1) to dismiss his complaint because the complaint was not frivolous. Nifas contends that he pled a valid negligence claim against the Department Defendants, one that falls within an exception to sovereign immunity, and that our decision in *O'Toole* is distinguishable.

Pursuant to Civil Rule No. 240(j)(1), a court of common pleas, prior to ruling on an IFP request, may dismiss an action where the court is satisfied that the action is "frivolous." Pa. R.C.P. No. 240(j)(1); *see Pelzer v. Wrestle*, 49 A.3d 926, 928 n.1 (Pa. Cmwlth. 2012). A frivolous action has been defined as one that "lacks an arguable basis either in law or in fact," Pa. R.C.P. No. 240(j)(1), Note (citation omitted), and a complaint will be deemed frivolous if it does not set forth a claim upon which relief can be granted. *Jones v. Doe*, 126 A.3d 406, 408 (Pa. Cmwlth. 2015). In reviewing the dismissal of a complaint under Civil Rule No. 240(j)(1), we are mindful that a *pro se* complaint should not be dismissed simply because it is not artfully drafted. *Bell v. Mayview State Hospital*, 853 A.2d 1058, 1060 (Pa. Super. 2004); *accord*

---

[2] Appellate review of a decision dismissing an action under Civil Rule No. 240(j)(1) is limited to a determination of whether a plaintiff's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law. *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

*Whitehead v. Commonwealth* (Pa. Cmwlth., No. 1075 C.D. 2014, filed January 21, 2015) (unreported), slip op. at 4-5.[3]

It is settled that suits against the Commonwealth and its agencies and employees are barred by sovereign immunity except to the extent that the General Assembly has specifically waived that immunity. Section 2310 of the Statutory Construction Act of 1972, 1 Pa.C.S. §2310; *Tork-Hiis v. Commonwealth*, 735 A.2d 1256, 1258 (Pa. 1999). In section 8522 of what is known as the Sovereign Immunity Act,[4] our General Assembly granted a limited waiver of sovereign immunity for negligence claims against Commonwealth agencies and employees where the claim is one for which damages would be recoverable against a non-government defendant and the negligent act falls within one of the nine categories for which sovereign immunity is waived by section 8522(b). 42 Pa.C.S. §8522(a); *Dean v. Department of Transportation*, 751 A.2d 1130, 1132 (Pa. 2000); *see* 42 Pa.C.S. §8522(b).[5]

One of the categories where our General Assembly waived sovereign immunity concerns the situation where a Commonwealth entity or employee retains the property of another and fails to exercise reasonable care with respect to that property. Specifically, section 8522(b)(3) of the Sovereign Immunity Act states that "the defense of sovereign immunity shall not be raised to claims for damages caused

---

[3] *Whitehead* is an unreported panel decision, which, under our Internal Operating Procedures, may be cited for its persuasive value. Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[4] 42 Pa.C.S. §§8521-8528.

[5] In Section 8522(b) of the Sovereign Immunity Act, a Commonwealth party may be liable for damages due to: (1) vehicle liability; (2) medical-professional liability; (3) care, custody, or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. 42 Pa.C.S. §8522(b).

by . . . [t]he care, custody or control of personal property in the possession or control of Commonwealth parties, including . . . property of persons held by a Commonwealth agency." 42 Pa.C.S. §8522(b)(3).

In *Owens v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 2624 C.D. 2015, filed September 23, 2016) (unreported), we addressed the above exception to sovereign immunity in a case that presented facts that are remarkably analogous to those alleged by Nifas in his complaint. Citing *Williams v. Stickman*, 917 A.2d 915 (Pa. Cmwlth. 2007),[6] along with unreported decisions that followed and applied that case,[7] this Court in *Owens* extracted the following rule:

> Claims by an inmate for loss of his personal property while it was under the care, custody or control of prison employees are claims for damages caused by the care of personal property in the possession or control of Commonwealth parties. Therefore, [] actions for damages based on negligence in the prison employees' handling of an inmate's personal property that is under their care, custody or control are not barred by sovereign immunity.

*Owens*, slip op. at 4-5.

In *Owens*, the inmate filed a petition to proceed IFP and a complaint seeking damages for the loss of his "brand new Timberland boots." *Id.* at 2. The

---

[6] In *Williams*, an inmate was placed in administrative custody in the restricted housing unit (RHU) without television privileges, and a corrections officer took possession of the inmate's nine-inch color television set, which was then operable and in good working condition. Months later, the inmate inspected the television set, discovered that it had been broken, and commenced a civil suit against institutional staff members. On appeal, this Court held that where an inmate alleges negligence resulting in damage to property that was in the care, custody, or control of prison employees, sovereign immunity will not bar the action. We concluded that the inmate "set[] forth a claim for damages to his television set caused by the care of the television set while it was in the possession of Commonwealth parties. Based on the plain language of section 8522(b)(3), the state employees may not raise sovereign immunity as a defense in this case." *Williams*, 917 A.2d at 918.

[7] *Palmer v. Doe* (Pa. Cmwlth., No. 2451 C.D. 2015, filed May 5, 2016) (unreported); *Samuels v. Walsh* (Pa. Cmwlth., No. 318 C.D. 2014, filed November 17, 2014) (unreported).

5

inmate averred that the boots were in his possession until February 7, 2015, when he was transferred to the RHU; as part of the transfer, corrections officers secured his cell and packed his belongings; and the boots were missing on February 26, 2015, when an inventory was conducted and the inmate inspected his belongings. Acting *sua sponte* under Civil Rule No. 240(j)(1), a court of common pleas denied the inmate's petition to proceed IFP and dismissed the complaint as frivolous, reasoning that the action was barred by sovereign immunity and did not fall within any of the exceptions.

On appeal, this Court reversed the holding of the court of common pleas insofar as it applied to the corrections officers responsible for the boots and the Department. In concluding that the inmate's suit was not frivolous, we explained:

> [The inmate's] complaint allege[d] that [the corrections officers] secured his cell and packed his belongings when he was transferred to the RHU and allege[d] that his boots were lost after [the corrections officers] undertook this responsibility for care of [the inmate's] personal property. Such allegations are sufficient to state a cause of action against [the corrections officers] and [the Department] as their employer, for damages caused by negligence in the care, custody or control of personal property . . . .
>
> Because [the inmate's] complaint states negligence claims against [the corrections officers and the Department] for the loss of [the inmate's] boots that are not barred by sovereign immunity, the [court of common pleas] erred in dismissing the action in its entirety.

*Owens*, slip op. at 5-6.

For support, this Court in *Owens* cited decisions in which we held that negligence claims regarding the damage and/or loss of inmates' personal property, including a television, desk lamp, typewriter ribbons, and legal documents, while in the possession and care of corrections officers, were viable claims upon which relief could be granted. We determined that the inmate's negligence claim with respect to

the loss of his Timberland boots was "virtually indistinguishable from the claims" asserted in those cases. *Id.*, slip op. at 6.

Given the allegations that Nifas pled in his complaint, our decision in *Owens* is on point and dictates that Nifas has stated a cognizable negligence claim against the Department Defendants, who allegedly assumed the care, custody, and control of the boots when they placed the boots in the intake property room and acted negligently in failing to secure their possession. Therefore, pursuant to *Owens*, we conclude that the trial court erred in dismissing the complaint in its entirety as frivolous.

Nonetheless, the Department Defendants contend that we can affirm the trial court on a different rationale, namely that Nifas has asserted an intentional tort. The Department Defendants are correct that intentional tort claims, as opposed to negligence claims, are barred by sovereign immunity and the exception in section 8522(b)(3) for damage to personal property does not apply to intentional conduct. *See La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992) (en banc). However, while there may be averments in the complaint that indicate intentional actions, i.e., "destroyed" and "stole" the boots, there are also allegations that sound in negligence, signifying that the Department Defendants failed to exercise due care, i.e., "lost" and "misplaced" the boots. Under Pennsylvania law, "the plaintiff is the master of his claim," *Tucker v. Philadelphia Daily News*, 848 A.2d 113, 133 (Pa. 2004), and Civil Rule No. 1020(c) states that "[c]auses of action . . . may be pleaded in the alternative," Pa. R.C.P. No. 1020(c). *See Britamco Underwriters, Inc. v. Weiner*, 636 A.2d 649, 652 (Pa. Super. 1994) (permitting the plaintiff to plead in the alternative that his "injuries were either the result of an 'accident,' or intentional or negligent acts"). Therefore, to the extent that Nifas has cast his claim as one sounding in negligence, it is actionable even though the intentional aspect of that claim is barred by sovereign immunity.

7

As a final matter, inasmuch as the trial court referenced and relied upon *O'Toole*, we conclude that this decision does not render the complaint frivolous. In *O'Toole*, the Department issued a memorandum on March 26, 2018, setting forth a new policy that declared Timberland boots to be contraband as of May 11, 2018. The memorandum permitted the inmates, in the interim, to make arrangements to mail the boots elsewhere or obtain a refund from a vendor for sales that were not yet shipped. An inmate challenged this policy by commencing an action in our original jurisdiction, asserting that as a matter of due process, he was entitled to a pre-deprivation hearing before the Department could confiscate his Timberland boots as contraband. Ultimately, this Court concluded that the inmate did not have a protected property right in the continued possession of the boots and, consequently, the procedural protections of the due process clause were not applicable.

In their brief, the Department Defendants "acknowledge[] that the confiscation in this case occurred in October of 2017, which was before . . . the Department ban[ned] Timberland boots outright," and admit that, for this reason alone, "*O'Toole* is not directly on point." (Br. for Dep't Def. at 7.) We agree with this assessment. Moreover, we note that in *O'Toole*, this Court dealt solely with a procedural due process claim and did not address what effect, if any, the policy would have on a state law claim for damages. To be sure, this Court expressly recognized that notwithstanding the new policy and the fact that the inmate was not entitled to a pre-deprivation hearing, the inmate, nonetheless, "may have money damages available to him." 196 A.3d at 271. This conclusion is consistent with our case law that recognizes that, despite any alleged violation of procedural due process, an inmate has an available post-deprivation remedy in the form of a state law negligence action against the Department to obtain monetary damages for the loss or destruction of

8

personal property under section 8522(b)(3). *See Shore v. Pennsylvania Department of Corrections*, 168 A.3d 374, 385 n.6 (Pa. Cmwlth. 2017). Therefore, we are unable to conclude that our decision in *O'Toole* commands that the complaint is frivolous.

In sum, although there may be issues of fact surrounding the legal reasons, motivations, and/or the nature of the conduct of the corrections officers in allegedly causing damage to Nifas' boots, these are issues that cannot be resolved at this stage in the proceedings and must be further explored through the adversary process. We merely hold that, at this point in the litigation, the complaint cannot be deemed frivolous as a matter of law and that the trial court erred in concluding otherwise. Nothing in our decision shall be construed as prohibiting the Department Defendants from challenging or otherwise contesting the sufficiency of the complaint in accordance with the Civil Rules.

Accordingly, and for these reasons, we vacate the trial court's order and remand to the trial court for further proceedings consistent with this opinion.

_____
PATRICIA A. McCULLOUGH, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rasheed Nifas,                                        :
                        Appellant                    :
                                                     :   No.  319 C.D. 2019
        v.                                           :
                                                     :
Comm., Dept. of Corr.,                               :
Sgt. Williams; CO. 1. Taylor                         :
CO. 1. Slotterback                                   :

## *<u>ORDER</u>*

AND NOW, this 25th day of July, 2019, the January 16, 2019 order of the Court of Common Pleas of Schuylkill County (trial court) is hereby vacated and the case is remanded to the trial court for further proceedings consistent with this opinion.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge