**John and Tammy MARTIN**

v.

**John R. DONAHUE, M.D. and Richard Whittaker, M.D.**

**Appeal of John R. DONAHUE, M.D.**

Superior Court of Pennsylvania.

Argued May 20, 1997.

Filed July 29, 1997.

Francis J. McGovern, Blue Bell, for appellant.

Lindley M. Cowperthwait, Jr., Norristown, for John and Tammy Martin, appellees.

Before BECK, TAMILIA and HESTER, JJ.

HESTER, Judge.

John R. Donahue, M.D. appeals following the trial court's denial of his petition for partial summary judgment.[1] Appellant maintains that a release signed by John Martin, one of appellees herein, which was executed for the benefit of Mr. Martin's employers, also discharges appellant from liability. The release was signed by Mr. Martin in connection with a settlement reached among appellees and other parties who are not defendants herein due to a work-related injury. Appellant selectively manipulates the language of the release in an attempt to misconstrue its impact upon his potential liability. We affirm.

The following facts are pertinent. Appellee–John Martin was injured at work on November 29, 1989, when he fell from a scaffold at a construction site. Appellee was taken to a nearby hospital where he was evaluated and discharged with instructions to follow-up with an orthopaedic specialist. Appellee was treated by appellant who performed arthroscopic surgery on January 16, 1990.

Appellee's employer asserted that appellee was ineligible for worker's compensation benefits since he was an independent contractor. Appellee filed a claim against the contractor with whom he was employed and the general contractor who hired that subcontractor to perform work on the property. As part of the settlement reached among appellee and the above-named parties, appellee's attorney drafted a release on July 22, 1991, which, in consideration of $36,000.00, discharged appellee's employers from any further responsibility for payment of damages that might occur as a result of the injuries suffered by appellee. The release specifically named Dennis Satnick, Inc., Heydt Plaster & Stucco, Inc., and any other party who may have been responsible for his fall.[2] Further, the release made clear that appellee agreed to forfeit his right to pursue monetary damages for any future, unexpected consequences, known or unknown, which he might suffer, or any medical treatment which he might need to pursue as a result of the accident. *See* General Release, Exhibits 2 and 3.

On November 18, 1991, appellees, John Martin and his wife, Tammy Martin, filed a medical malpractice action against appellant, Dr. John R. Donahue. In the complaint, appellees alleged that the surgery performed by appellant in January, 1990, was unnecessary and improperly performed. Moreover, they averred that appellant failed to treat and evaluate Mr. Martin's condition properly.

When appellant learned of the release signed by Mr. Martin, he filed a motion for leave to amend new matter to include the defense of the release and a motion for partial summary judgment claiming that the release was intended to discharge liability of all involved parties.[3] Appellees countered that the release was intended to discharge only the named parties from liability. The court denied the motion for partial summary judgment, but permitted the amendment to new matter on June 6, 1994. On April 18, 1996, appellant filed a second motion for partial summary judgment, which was denied on September 3, 1996. On October 3, 1996, the court denied appellant's motion to seek certification for interlocutory appeal and granted appellant's motion to bifurcate the issues concerning the release from the liability evidence at trial. A hearing on the release issue was held on October 15, 1996.

At the hearing, the parties stipulated that the release was genuine and authentic. Appellees presented deposition testimony and affidavits of the attorneys for the named parties in the release to support appellees' contention that the document was drafted with the intention of releasing only the named parties from liability. Specifically,

---

1. The case was bifurcated on February 27, 1997, and an order was entered that day which denied appellant's motion for summary judgment based on release and certified the issue for interlocutory appeal pursuant to 42 Pa.R.A.P. 341(c).

2. A second document executed by appellee on July 22, 1991, for consideration of $15,000.00, released Mark and Fran Heydt and their heirs and assigns from further liability. Appellant does not raise the applicability of this release.

3. Appellant filed a petition for partial summary judgment since Mrs. Martin's claim for loss of consortium would not be impacted by the release. *See Buttermore v. Aliquippa Hospital,* 522 Pa. 325, 561 A.2d 733 (1989).

appellees maintained that the purpose of the language which discharges any claims resulting from medical treatment was to discharge only the named parties from responsibility for any future medical expenses which might arise as a result of the work-related injury.

The court entered an order denying appellant's petition for partial summary judgment since it determined that the release did not discharge the medical malpractice claim. The issue was certified for appeal. Appellant raises one issue for review.

I. WHETHER THE TRIAL COURT ERRED WHEN IT HELD THAT A GENERAL RELEASE DID NOT DISCHARGE ALL CLAIMS OF JOHN MARTIN OF LIABILITY IN HIS MEDICAL MALPRACTICE ACTION FOR INJURIES ARISING FROM MEDICAL TREATMENT CONTRARY TO THE UNAMBIGUOUS TERMS OF THE RELEASE AND WHEN THE COURT FOUND THE EVIDENCE OF INTENT WAS SUFFICIENT TO ALTER THE TERMS OF THE RELEASE?

Appellant's brief at viii.

We are bound by the following standard in reviewing the denial of a grant for summary judgment.

When we review the grant or denial of a motion for summary judgement made under Pa.R.C.P. 1035, our scope of review is well settled: summary judgement is properly granted where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgement as a matter of law." Pa.R.C.P. 1035(b). Summary judgement may be granted only where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co., Inc.*, 522 Pa. 367, 369, 562 A.2d 279, 280 (1989). The moving party has the burden of proving that there is no genuine issue of material fact. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979). The record and any inferences therefrom must be viewed in the light most favorable to the non-moving party, and any doubt must be resolved against the moving party. *Davis v. Pennzoil*, 438 Pa. 194, 264 A.2d 597 (1970). The trial court will be over-turned on the entry or denial of summary judgement only if there has been an error of law or a clear abuse of discretion. *Hetrick v. Apollo Gas Co.*, 415 Pa.Super. 189, 608 A.2d 1074 (1992).

*Britamco Underwriters, Inc. v. Weiner*, 431 Pa.Super. 276, 636 A.2d 649 (1994)(footnote omitted).

In construing a release, we are guided by general contract principles. The court must look to the terms of the release, both clear and ambiguous, and examine the document to determine the intent of the parties. *Harrity v. Medical College of Pennsylvania Hospital*, 439 Pa.Super. 10, 653 A.2d 5 (1994). Since we are bound to give deference to the written word when it is clear, we will not re-write a contract. *Id.* However, when the language is ambiguous, and the court cannot readily determine the intentions of the parties, it may allow oral testimony to show the intent of the parties. *Id.* Moreover, a written contract must be examined as a whole; we glean the intent of the parties through an examination of the entire document. *Id.* At times, in order to ascertain the intent of the parties, it is necessary to examine the circumstances through affidavits or testimony of the involved parties. *Id.*

Appellant argues that the plain meaning of the language in the release signed by John Martin discharges all claims pursuant to *Buttermore v. Aliquippa Hospital*, 522 Pa. 325, 561 A.2d 733 (1989). To bolster his claim, appellant cites to the following isolated portions of the release.

[T]ogether with all other persons or entities, both known and unknown who are or subsequently may be determined to be liable for ... all manner of actions and presently existing or subsequently discovered ...

....

[I]t is therefore specifically agreed that this Release shall be a complete bar to all claims on suits for injuries or damages ... resulting ... from said ... medical treatment.

Appellant's brief at ix.

In *Buttermore v. Aliquippa Hospital, supra*, our Supreme Court determined that a

general release, signed by a victim, which discharged all claims pertaining to the accident and injuries he suffered, must be read to include any and all individuals or entities involved in the claim or treatment of the individual, regardless of the intent of the parties. The release in *Buttermore* discharged the individual who caused Buttermore's injuries, his heirs, and "any and all" persons or entities involved, whether past, present or future, for injuries which Buttermore suffered in the automobile accident. Herein, with selectively chosen deletions, appellant attempts to persuade the casual observer that his claim is righteous based upon *Buttermore*. However, a reading of the full text of the release illuminates the fallacy of appellant's position, since the language of the document limited the discharge of liability to *named* parties. *Buttermore* easily is distinguishable as there was no limiting language.

A review of the facts reveals that it mirrors the release we evaluated in *Harrity v. Medical College of Pennsylvania Hospital, supra* (appellant released persons and all entities involved in a specific suit filed by victim; while language on its face was specific, affidavit of attorney who drafted document was permitted and indicated that intent of document was to release only parties named in the suit). Herein, the release clearly states that it pertains to any and all entities who are or may be determined to be liable for "the claims referred to [*In The matter of Martin v. Heydt Plaster and Stucco, Inc.*, et al Chester County Court of Common Pleas, No. 91–01797]." This language limits the long arm of this release to the parties named in the particular lawsuit which arose from appellee's fall. As there can be no argument that appellant was not a named party to that suit, the release does not apply to him.

■ Further, it is obvious that the language pertaining to future medical treatment, likewise, is specific. First, the document acknowledges the possibility of future health problems which might be associated with the fall, then it seeks to limit the liability of the releasees by defining the context of medical injury to "serious or unexpected consequences [which] might result from the present injuries, known or unknown, from said incident, accident or medical treatment." Clearly, this language was designed to discharge the named releasees from liability for accidental or medical injuries Mr. Martin might sustain as a result of his fall. Specifically, the named releasees would not be liable for appellant's alleged negligence. Therefore, in light of the holding in *Harrity v. Medical College of Pennsylvania Hospital, supra*, it is clear from the plain meaning of the limiting language in the document that appellant was not included as a party to the release.

■ Appellant argues that the trial court erred when it considered extraneous evidence of intent. While it is clear to this court that the language of the release did not discharge appellant from liability, appellant, nonetheless, urged the hearing court to adopt his interpretation. Therefore, in order to ascertain the intent of the parties, the court deemed it necessary to consider the circumstances surrounding the release, the situation of the parties, and the nature of the content of the agreement. *Id.* It was reasonable for the court to look to sources other than the contract for clarification. The court did not abuse its discretion in allowing affidavit and deposition testimony of the attorneys who drafted the releases.

It is beyond dispute that Doctor Donahue was not a party to the original lawsuit involving Dennis Satnick, Inc. and Heydt Plaster & Stucco, Inc. Doctor Donahue took no part in negotiating the settlement of that lawsuit. He contributed nothing toward said settlement. His attempt to be released from liability resulting from conduct that had nothing to do with the original accident is unwarranted.

Order affirmed.