J-A20034-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| CHRISTOPHER S. SHEEDER AND VICKIE L. SHEEDER, HIS WIFE | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : | |
| | : | No. 119 WDA 2020 |
| SEAN T. HUDSON | : | |

Appeal from the Order Entered January 17, 2020
in the Court of Common Pleas of Bedford County
Civil Division at No(s): 2019-626

BEFORE: BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED NOVEMBER 30, 2020

Christopher S. Sheeder ("Mr. Sheeder") and Vickie L. Sheeder ("Ms. Sheeder), his wife (collectively, "Plaintiffs"), appeal from the Order entering judgment on the pleadings against them and in favor of Sean T. Hudson ("Hudson"), and dismissing Plaintiffs' Complaint with prejudice, in this case involving a motor vehicle accident. We affirm.

On June 25, 2017, a vehicle driven by Hudson traveled into the opposing lane of travel, on Clear Ridge Road, West Providence Township, Bedford County, Pennsylvania. Hudson's vehicle hit the vehicle being operated by Mr. Sheeder, in the opposing traffic lane.

On June 11, 2019, Plaintiffs filed a civil Complaint against Hudson, averring causes of action for negligence and loss of consortium arising out the June 25, 2017, accident. Hudson filed an Answer and New Matter, countering

that Plaintiffs had released their claims against Hudson by virtue of a "Full Release of All Claims" (the "Release"), which Plaintiffs had signed. Answer and New Matter, 9/30/19, at ¶ 28. The Release, which is attached to Hudson's Answer and New Matter, stated, in relevant part, as follows:

> Know all by these presents, that [Mr.] Sheeder and [Ms.] Sheeder individually and as husband and wife only, for and in consideration of the payment of [redacted], the receipt and sufficiency of which is hereby acknowledged, does (do) hereby for myself (ourselves) and for my (our) heirs, executors, administrators, successors, assigns and any and all other persons, firms, employers, corporations, associations or partnerships, acquit and forever discharge Sean Thomas and Angela Hudson and his, her, their or its corporations, associations, or partnerships (Releasees) of, and from, any and all claims, actions, causes of action, demands, rights, damages, costs, loss of wages, expenses, hospital and medical and nursing expenses, loss of consortium, loss of service or affection, loss of society and companionship and any compensation whatsoever, which the undersigned now has/have or which may hereafter accrue on account of or in any way growing out of an accident which occurred on or about June 25, 2017, at or near Everett PA.

Answer and New Matter, 9/30/19, Exhibit A (Release, 11/20/17 (emphasis in original)). Hudson additionally attached to his Answer and New Matter a copy of the settlement check, endorsed to "Christopher Sheeder." See id., Exhibit B. Hudson averred that Plaintiffs signed the settlement check, prepared by Progressive Specialty Insurance Company ("Progressive"), on or about December 4, 2017. See id. at ¶ 28.

At the close of pleadings, Hudson filed a Motion for judgment on the pleadings. After submitting briefs, the trial court heard oral argument on Hudson's Motion. On January 17, 2020, the trial court entered an Order

granting Hudson's Motion for judgment on the pleadings, and dismissing Plaintiffs' Complaint with prejudice. Thereafter, Plaintiffs filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Plaintiffs present the following issue for our review:

Whether the trial court committed an error of law in failing to follow and apply the proper standard of review for a motion for judgment on the pleadings where:

(a) The court erred in disregarding the plain language of the release or a unilateral mistake contrary to black letter contract law principles; and

(b) The trial court did not view the well[-]pled factual averments and inferences in a light most favorable to the non-moving party?

Brief for Appellants at 4. As these claims are related, we will address them together.

Plaintiffs first argue that the trial court improperly failed to apply the appropriate standard for ruling on a motion for judgment on the pleadings. Id. at 9. Plaintiffs take issue with the following statement by the trial court: "The only question we must answer is whether [Hudson] is the person Plaintiffs believed they were discharging under the Release in exchange for consideration. We find that—without a doubt—he was." Id. (citation omitted). Plaintiffs argue that the trial court cited no controlling case law, or facts pled in the pleadings, to support its conclusion. Id.

Plaintiffs assert that the trial court failed to apply established contract law in granting Hudson's Motion. Id. at 11. In particular, Plaintiffs argue that the trial court failed to construe all errors in the Release against the drafter, i.e., Hudson's insurer, Progressive. Id. According to Plaintiffs,

> [t]he plain and ordinary language of this contract is explicitly limited to "forever discharge Sean Thomas and Angela Hudson and his, her, their or its corporations, associations or partnerships (Releasees) of, and from, any and all claims...." Consistent with controlling precedent, there is a material difference between a release of all other persons or entities and the release of claims to specific individuals or entities.

Id. at 14 (internal citation and emphasis in original). Plaintiffs argue that if "Sean T. Hudson" was intended to be released, his correct full name[,] or at least his first and last name[,] should have been and could have been used." Id. at 15. According to Plaintiff, the record does not establish that the Sean Thomas referenced in the Release is, in fact, the "Sean T. Hudson[,]" who is the defendant herein. Id. Plaintiffs further rely on the absence of the phrase "and all other persons," after naming the Releasees, as indicating that the Release did not apply to Sean T. Hudson. Id. at 15-16.

In their second claim, Plaintiffs argue that a unilateral mistake does not permit a trial court to rewrite the Release. Id. at 16. Plaintiffs contend that Mr. Hudson did not acknowledge any mistake in the Release. Id. at 17. Further, Plaintiffs direct our attention to the trial court's acknowledgement that "so all it would take is once that gets into the record that that's [Hudson's] middle name, I think I'm done on the case." Id. (citation omitted). Plaintiffs

contend that by that statement, the trial court acknowledged the need for discovery on the issue of whether Hudson was intended to be covered by the Release. Id. at 17-18. Plaintiffs argue that, viewing the pleadings in a light most favorable to the non-moving party, there are unknown facts that preclude judgment on the pleadings. Id. at 18.

In its Opinion, the trial court set forth the appropriate standard of review, addressed Plaintiffs' issues, and concluded that they lack merit. Trial Court Opinion, 4/3/20, at 1-4. We agree with the sound reasoning of the trial court, as set forth in its Opinion, and affirm on this basis with regard to Plaintiffs' issues. See id. We additionally observe the following.

This case involves the interpretation of the Release.

> In construing a release, we are guided by general contract principles. The court must look to the terms of the release, both clear and ambiguous, and examine the document to determine the intent of the parties. Since we are bound to give deference to the written word when it is clear, we will not re-write a contract. However, when the language is ambiguous, and the court cannot readily determine the intentions of the parties, it may allow oral testimony to show the intent of the parties. Moreover, a written contract must be examined as a whole; we glean the intent of the parties through an examination of the entire document. At times, in order to ascertain the intent of the parties, it is necessary to examine the circumstances through affidavits or testimony of the involved parties.

Martin v. Donahue, 698 A.2d 614, 616 (Pa. Super. 1997).

Importantly, "the effect of a release must be determined from the ordinary meaning of its language." Buttermore v. Aliquippa Hosp., 561 A.2d 733, 735 (Pa. 1989). "Before a court will interpret a provision in … a

contract in such a way as to lead to an absurdity or make the ... contract ineffective to accomplish its purpose, it will endeavor to find an interpretation which will effectuate the reasonable result intended." Binswanger of Pa., Inc. v. TSG Real Estate LLC, 217 A.3d 256, 262 (Pa. 2019).

As set forth in relevant part above, the Release provided for the release of Plaintiffs' claims against "Sean Thomas and Angela Hudson[,]" which Plaintiffs "now has/have or which may hereafter on account of or in any way growing out of an accident which occurred on or about June 25, 2017, at or near Everett PA." Release, 11/20/17. The Release, by its language, was executed to satisfy all claims related to an accident taking place on June 25, 2017, on Clear Ridge Road in West Providence Township, in Bedford County. Complaint, ¶¶ 5, 8. We take judicial notice of the fact that Clear Ridge Road, in West Providence Township, is less than five miles from Everett, PA. In his Answer, Hudson admitted that an accident took place on June 25, 2017, and that he was not able to drive his vehicle after the accident. Id., ¶¶ 8, 13.

Plaintiffs' proposed interpretation of the Release, i.e., that Plaintiffs had entered the Release for an accident, on the same date, near the same location, involving someone other than Hudson, is absurd.[1] Further, such an interpretation would not "effectuate the reasonable result intended." See Binswanger of Pa., Inc., 217 A.3d at 262. We therefore agree with the trial

_____

[1] Plaintiffs did not aver such facts in their pleading.

- 6 -

court's interpretation of the Release, and its conclusion that the interpretation proposed by Plaintiffs' is "ludicrous." See Trial Court Opinion, 4/30/20, at 3; see also Binswanger of Pa., Inc., 217 A.3d at 262.  Discerning no error by the trial court in granting Hudson's Motion for judgment on the pleadings, and dismissing the Complaint with prejudice, we affirm the Order of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/30/2020

IN THE COURT OF COMMON PLEAS OF BEDFORD COUNTY, PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER S. SHEEDER AND VICKIE L. SHEEDER,       PLAINTIFFS<br><br>v.<br><br>SEAN T. HUDSON,       DEFENDANT | NO. 626 FOR 2019<br><br>CIVIL DIVISION |

## PA.R.A.P. 1925 OPINION AND ORDER

### I. SUMMARY OF CASE

The present civil matter arises from an alleged motor vehicle accident that occurred on June 25, 2017 in West Providence Township, Bedford County, Pennsylvania. Plaintiffs aver that Defendant operated his motor vehicle in a negligent manner, causing an accident in which Plaintiff Christopher Sheeder sustained various injuries. Defendant filed a *Motion for Judgment on the Pleadings*, arguing that Plaintiffs' claim is precluded by a release executed on or about November 20, 2017 (hereinafter "Release"). We granted Defendant's *Motion for Judgment on the Pleadings* and dismissed Plaintiffs' *Complaint* with prejudice. Plaintiffs' present appeal followed.

### II. DISCUSSION

The standard for deciding a motion for judgment on the pleadings is well-defined:

"Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that 'after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings.' Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents. On appeal, we accept as true all well-pleaded allegations in the complaint."

*Rubin v. CBS Broad. Inc.*, 170 A.3d 560, 564 (Pa.Super. 2017). Therefore, in deciding Defendant's motion, we accepted as true all relevant averments in Plainitffs' *Complaint*.

In his *Answer and New Matter*, Defendant has pled the executed Release and attached the same as Exhibit "A." Plaintiff does not deny the existence of the Release, but rather argues its applicability to the parties involved in the present claim.

Pursuant to its plain terms, the Release (in exchange for redacted consideration) discharges all claims between "Christopher Sheeder and Vickie Sheeder" and "Sean Thomas and Angela Hudson" out of an "accident which occurred on or about June 25, 2017 at or near Everett, PA."[1] See *Answer and New Matter*, Exhibit "A." Plaintiffs claim that this release is ineffectual because it refers to Sean *Thomas* rather than Sean *Hudson*.[2]

---

[1] We note that West Providence Township is located in Everett, Pennsylvania.

[2] Plaintiffs also claim that Defendant has another alias of Sean Thomas *Jefferson* Hudson. See *Motion for Judgment on the Pleadings Tr.*, p. 21. We question the genuineness of this claim since Plaintiffs themselves have named only "Sean T. Hudson" as Defendant. In any event, whether Defendant has an alias or not is wholly irrelevant. The only question we must answer is whether Defendant is the person Plaintiffs believed they were discharging under the Release in exchange for consideration. We find that—without a doubt—he was.

Quite remarkably, Plaintiffs advance this argument despite the fact that the averments in their own *Complaint* match exactly everything in the Release they now attempt to escape. The date, location, and description of the incident and parties is identical between the *Complaint* and the Release. The *only* discrepancy—if it is indeed one—is the identification of Defendant by last or middle name.[3] Even assuming this as a "discrepancy," we find it absolutely impossible that Plaintiffs did not know who they were discharging from liability under the Release. To find otherwise, one would need to believe that Plaintiff Christopher Sheeder suffered injuries in *two* separate car accidents occurring on the *same* date in the *same* town, with *both* accidents caused by the negligence of a person with the first name Sean *and* married (or related) to a woman named Angela Hudson, *and* that Plaintiffs were confused as to which person named Sean they were discharging under the Release. Such a proposition is ludicrous.[4]

---

[3] We note that, in our view, we fail to see this as a discrepancy. While Plaintiff is correct that the Release identifies Defendant as "Sean Thomas," it also combines his name with his wife's last name "Hudson."

[4] We believe Plaintiffs' counsel is cognizant of the state of his argument since he avoided our questions regarding the Release. At the argument on Defendant's motion, the following exchange occurred:
> "THE COURT: Doesn't that ignore the other identifying information in the release that it was an incident that occurred on the date and the location that's averred in the Complaint?
> ATTORNEY NYPAVER: That very well—it doesn't ignore it.
> THE COURT: And it's a two-vehicle accident; right?
> ATTORNEY NYPAVER: Here's the thing.
> THE COURT: It's a two-vehicle accident?
> ATTORNEY NYPAVER: Here's the thing, Judge. You have to, you can't just pick out certain parts and say: Well, that supports us..."

Accordingly, based solely upon the relevant pleadings, we found that no genuine issues of fact exist, that Plaintiffs undoubtedly knew who they were discharging under the Release, that the Release clearly covered the entirety of Plaintiffs' *Complaint*, and that, therefore, granting Defendant's *Motion for Judgment on the Pleadings* was appropriate.

We therefore enter the following

### III. ORDER OF COURT

AND NOW, Friday, April 3, 2020, the Order of Court is as follows:

1. The Prothonotary/Clerk of Courts of Bedford County is hereby ordered to transmit the record in the above-captioned matter to the Prothonotary of the Superior Court of Pennsylvania in accordance with Pa.R.A.P. 1931(c).

BY THE COURT:

_____
LIVENGOOD, J.

Counsel:
Joseph Nypaver, Esquire
Aaron Weiss, Esquire